UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL RONALD FRAZIER,

                Plaintiff,

  v.

PIERCE COUNTY, et al.,

                Defendants.

CASE NO. 3:24-CV-5423-RSM-DWC

REPORT AND RECOMMENDATION

Noting Date: September 9, 2024

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Plaintiff Daniel Ronald Frazier, who is proceeding *pro se*, filed a proposed complaint on May 30, 2024. Dkt. 1. Plaintiff did not submit an application to proceed *in forma pauperis* ("IFP") and did not pay the filing fee. *See* Dkt. 1. On May 31, 2024, the Clerk's Office sent Plaintiff a letter directing him to pay the filing fee or submit an application to proceed IFP by July 1, 2024. Dkt. 2. Plaintiff filed an incomplete application to proceed IFP on June 10, 2024. Dkt. 3. The Clerk's Office again notified Plaintiff of his deficiencies and directed Plaintiff to file a complete application to proceed IFP on or before July 11, 2024. Dkt. 4. On June 20, 2024, Plaintiff filed a second incomplete application to proceed IFP. Dkt. 5. That same date, the Clerk's Office directed Plaintiff to file a prison trust account statement by July 22, 2024. Dkt. 6. Plaintiff did not file a response to the June 2024 notice and, on July 29, 2024, the Clerk's

REPORT AND RECOMMENDATION - 1

1  Office re-mailed the deficiency notice to Plaintiff. *See* Docket. In each notice sent by the Clerk's
2  Office, the Clerk notified Plaintiff that failure correct the deficiency could result in dismissal of
3  this action. *See* Dkts. 2, 4, 6.
4      Plaintiff has not paid the filing fee or filed a complete application to proceed IFP. In the
5  last-filed application to proceed IFP, Plaintiff indicated that he was having a difficult time
6  obtaining a prison trust account statement. *See* Dkt. 5. Plaintiff, however, did not respond to the
7  deficiency notice that was mailed on June 20, 2024 and re-mailed on July 29, 2024. Therefore,
8  Plaintiff did not respond to the final notice sent by the Clerk's Office and has not requested
9  assistance from the Court related to his inability to obtain a prison trust account statement. As
10 Plaintiff has failed to pay the filing fee or submit a completed application to proceed IFP, the
11 Court recommends this case be dismissed without prejudice.
12     Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
13 fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P.
14 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
15 review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those
16 objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*
17 *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit
18 imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on
19 September 9, 2024, as noted in the caption.
20     Dated this 23rd day of August, 2024.

                                                     David W. Christel
                                                     United States Magistrate Judge

REPORT AND RECOMMENDATION - 2